IN THE DISTRICT COURT OF WAGONER COUNTY
STATE OF OKLAHOMA

BROOKE BUTLER, Personal Representative of )
the Estate of Baylor Kole Allen Butler, )
deceased; JEFF CARTER, Personal )
Representative of the Estate of Stevie Ray )
Vaughan Carter, deceased; and JOHNNIE )
DUROSSETTE, an individual; )
                                        )
                Plaintiffs, )
                                        )
vs.                                    )     Case No. CJ-25-196
                                        )
AFI & LOGISTICS, LLC d/b/a Northshore )
Moving Company, a foreign company; and )
PURPLE WAVE, INC., d/b/a Purple Wave )
Auction, a foreign corporation, )
                                        )
              Defendants. )

Wagoner County, Oklahoma

JUN 0 7 2025

1284

## ANSWER OF DEFENDANT PURPLE WAVE INC.

Defendant Purple Wave Inc., d/b/a Purple Wave Auction, hereinafter ("Purple Wave"), by

counsel, consistent with the Oklahoma Pleading Code, for its Answer to Plaintiffs' Petition filed

on May 7, 2025, hereby denies every material allegation contained therein, except as specifically

set forth below:

      1.     Purple Wave is without sufficient information to admit or deny the allegations

contained in Paragraph One (1) of Plaintiffs' Petition and as such denies same.

      2.     Purple Wave is aware that an accident occurred, but has limited information at this

time and as such is without sufficient information to admit or deny the allegations contained in

Paragraph Two (2) of Plaintiffs' Petition and as such denies same.

      3.     Purple Wave is without sufficient information to admit or deny the allegations

contained in Paragraph Three (3) of Plaintiffs' Petition.

EXHIBIT
4

4.      Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Four (4) of Plaintiffs' Petition.

5.      Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Five (5) of Plaintiffs' Petition.

6.      Purple Wave is aware that an accident occurred, but has limited information at this time and as such is without sufficient information to admit or deny the allegations contained in Paragraph Six (6) of Plaintiffs' Petition and as such denies same.

7.      Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Seven (7) of Plaintiffs' Petition.

8.      Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Eight (8) of Plaintiffs' Petition.

9.      Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Nine (9) of Plaintiffs' Petition.

10.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Ten (10) of Plaintiffs' Petition.

11.     Purple Wave admits the allegations contained in Paragraph Eleven (11) of Plaintiffs' Petition.

12.     Purple Wave is aware that an accident occurred, but has limited information at this time and is without sufficient information to admit or deny the allegations contained in Paragraph Twelve (12) of Plaintiff's Petition and as such denies same.

13.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Thirteen (13) of Plaintiffs' Petition and as such denies same.

14.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Fourteen (14) of Plaintiffs' Petition and as such denies same.

15.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Fifteen (15) of Plaintiffs' Petition and as such denies same.

16.     Purple Wave admits the allegations contained in Paragraph Sixteen (16) of Plaintiffs' Petition, but denies that these allegations create any kind of duty or obligation that may lead to liability in this case.

17.     Purple Wave admits the allegations contained in Paragraph Seventeen (17) of Plaintiffs' Petition, but denies that these allegations create any kind of duty or obligation that may lead to liability in this case.

18.     Purple Wave admits the allegations contained in Paragraph Eighteen (18) of Plaintiffs' Petition, but denies that these allegations create any kind of duty or obligation that may lead to liability in this case.

19.     Purple Wave admits the allegations contained in Paragraph Nineteen (19) of Plaintiffs' Petition, but would aver that these services are optional and that it neither shipped nor was involved with the shipping of any of the materials involved in this matter.

20.     Purple Wave admits the allegations contained in Paragraph Twenty (20) of Plaintiffs' Petition, but denies that these allegations create any kind of duty or obligation that may lead to liability in this case.

21.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Twenty One (21) of Plaintiffs' Petition as worded and as such denies same.

22.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Twenty Two (22) of Plaintiffs' Petition as worded and as such denies same.

23.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Twenty Three (23) of Plaintiffs' Petition as worded and as such denies same.

24.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Twenty Four (24) of Plaintiffs' Petition as worded and as such denies same.

25.     Purple Wave generally admits the allegations contained in Paragraph Twenty Five (25) of Plaintiffs' Petition, but denies that these allegations create any kind of duty or obligation that may lead to liability in this case.

26.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Twenty Six (26) of Plaintiffs' Petition and as such denies same.

27.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Twenty Seven (27) of Plaintiffs' Petition and as such denies same.

28.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Twenty Eight (28) of Plaintiffs' Petition and as such denies same.

29.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Twenty Nine (29) of Plaintiffs' Petition and as such denies same.

30.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Thirty (30) of Plaintiffs' Petition and as such denies same.

31.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Thirty One (31) of Plaintiffs' Petition and as such denies same.

32.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Thirty Two (32) of Plaintiffs' Petition and as such denies same.

33.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Thirty Three (33) of Plaintiffs' Petition and as such denies same.

34.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Thirty Four (34) of Plaintiffs' Petition and as such denies same.

35.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Thirty Five (35) of Plaintiffs' Petition and as such denies same.

36.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Thirty Six (36) of Plaintiffs' Petition and as such denies same.

37.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Thirty Seven (37) of Plaintiffs' Petition and as such denies same.

38.     Purple Wave is without sufficient information to admit or deny the allegations contained in Paragraph Thirty Eight (38) of Plaintiffs' Petition and as such denies same.

39.     Purple Wave adopts and incorporates its prior responses as if fully set out herein.

40.     The allegations contained in Paragraph Forty (40) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

41.     The allegations contained in Paragraph Forty One (41) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

42.    The allegations contained in Paragraph Forty Two (42) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

43.    The allegations contained in Paragraph Forty Three (43) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

44.    The allegations contained in Paragraph Forty Four (44) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

45.    Purple Wave adopts and incorporates its prior responses as if fully set out herein.

46.    The allegations contained in Paragraph Forty Six (46) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

47.    The allegations contained in Paragraph Forty Seven (47) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

48.    The allegations contained in Paragraph Forty Eight (48) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

49.    The allegations contained in Paragraph Forty Nine (49) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

50.    Purple Wave adopts and incorporates its prior responses as if fully set out herein.

51.    The allegations contained in Paragraph Fifty One (51) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

52.    The allegations contained in Paragraph Fifty Two (52) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

53.    The allegations contained in Paragraph Fifty Three (53) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

54.    The allegations contained in Paragraph Fifty Four (54) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

55.    The allegations contained in Paragraph Fifty Five (55) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

56.    The allegations contained in Paragraph Fifty Six (56) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

57.    Purple Wave adopts and incorporates its prior responses as if fully set out herein.

58.    The allegations contained in Paragraph Fifty Eight (58) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

59.    The allegations contained in Paragraph Fifty Nine (59) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

60.    The allegations contained in Paragraph Sixty (60) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

61.    The allegations contained in Paragraph Sixty One (61) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

62.    The allegations contained in Paragraph Sixty Two (62) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

63.    The allegations contained in Paragraph Sixty Three (63) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

64.    Purple Wave adopts and incorporates its prior responses as if fully set out herein.

65.    The allegations contained in Paragraph Sixty Five (65) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

66.    The allegations contained in Paragraph Sixty Six (66) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

67. The allegations contained in Paragraph Sixty Seven (67) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

68. The allegations contained in Paragraph Sixty Eight (68) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

69. The allegations contained in Paragraph Sixty Nine (69) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

70. Purple Wave adopts and incorporates its prior responses as if fully set out herein.

71. The allegations contained in Paragraph Seventy One (71) of Plaintiffs' Petition are directed at a different defendant, to the extent a response is necessary, Purple Wave is without sufficient information to admit or deny said allegations and would therefore deny same.

With regard to the unnumbered WHEREFORE paragraph, following Paragraph Seventy One (71) of Plaintiffs' Petition, Purple Wave takes no position as to whether Plaintiffs are entitled to relief against other parties, but avers that Plaintiffs are not entitled to any relief as against Purple Wave or its affiliated entities.

72. Purple Wave adopts and incorporates its prior responses as if fully set out herein.

73. Purple Wave denies the allegations contained in Paragraph Seventy Three (73) of Plaintiffs' Petition.

74. Purple Wave denies the allegations contained in Paragraph Seventy Four (74) of Plaintiffs' Petition.

75.     Purple Wave denies the allegations contained in Paragraph Seventy Five (75) of Plaintiffs' Petition.

76.     Purple Wave denies the allegations contained in Paragraph Seventy Six (76) of Plaintiffs' Petition.

77.     Purple Wave denies the allegations contained in Paragraph Seventy Seven (77) of Plaintiffs' Petition.

78.     Purple Wave denies the allegations contained in Paragraph Seventy Eight (78) of Plaintiffs' Petition.

79.     Purple Wave adopts and incorporates its prior responses as if fully set out herein.

80.     Purple Wave denies the allegations contained in Paragraph Eighty (80) of Plaintiffs' Petition.

81.     Purple Wave denies the allegations contained in Paragraph Eighty One (81) of Plaintiffs' Petition.

82.     Purple Wave denies the allegations contained in Paragraph Eighty Two (82) of Plaintiffs' Petition.

83.     Purple Wave denies the allegations contained in Paragraph Eighty Three (83) of Plaintiffs' Petition.

84.     Purple Wave adopts and incorporates its prior responses as if fully set out herein.

85.     Purple Wave denies the allegations contained in Paragraph Eighty Five (85) of Plaintiffs' Petition as worded.

86.     Purple Wave generally admits that it offers certain services as part of its business as alleged in Paragraph Eighty Six (86) of Plaintiffs' Petition, but denies that these services were

10

used or applicable here, nor that their general availability creates the duties and obligations alleged herein.

87.    Purple Wave denies the allegations contained in Paragraph Eighty Seven (87) of Plaintiffs' Petition.

88.    Purple Wave denies the allegations contained in Paragraph Eighty Eight (88) of Plaintiffs' Petition as worded.

89.    Purple Wave denies the allegations contained in Paragraph Eighty Nine (89) of Plaintiffs' Petition.

90.    Purple Wave denies the allegations contained in Paragraph Ninety (90) of Plaintiffs' Petition.

91.    Purple Wave denies the allegations contained in Paragraph Ninety One (91) of Plaintiffs' Petition.

92.    Purple Wave denies the allegations contained in Paragraph Ninety Two (92) of Plaintiffs' Petition.

93.    Purple Wave denies the allegations contained in Paragraph Ninety Three (93) of Plaintiffs' Petition.

94.    Purple Wave denies the allegations contained in Paragraph Ninety Four (94) of Plaintiffs' Petition.

95.    Purple Wave denies the allegation contained in Paragraph Ninety Five (95) of Plaintiffs' Petition.

96.    Purple Wave adopts and incorporates its prior responses as if fully set out herein.

97.    Purple Wave denies the allegations contained in Paragraph Ninety Seven (97) of Plaintiffs' Petition.

98.    Purple Wave denies the allegations contained in Paragraph Ninety Eight (98) of Plaintiffs' Petition as worded and deny that the regulations at issue apply to online auctions.

99.    Purple Wave denies the allegations contained in Paragraph Ninety Nine (99) of Plaintiffs' Petition as worded and deny that the regulations at issue apply to online auctions.

100.    Purple Wave denies the allegation contained in Paragraph One Hundred (100) of Plaintiffs' Petition.

101.    Purple Wave adopts and incorporates its prior responses as if fully set out herein.

102.    Purple Wave denies the allegations contained in Paragraph One Hundred and Two (102) of Plaintiffs' Petition.

103.    Purple Wave denies the allegations contained in Paragraph One Hundred and Three (103) of Plaintiffs' Petition.

104.    Purple Wave denies the allegations contained in Paragraph One Hundred and Four (104) of Plaintiffs' Petition.

105.    Purple Wave denies the allegation contained in Paragraph One Hundred and Five (105) of Plaintiffs' Petition.

106.    Purple Wave adopts and incorporates its prior responses as if fully set out herein.

107.    Purple Wave denies the allegations contained in Paragraph One Hundred and Seven (107) of Plaintiffs' Petition.

With regard to the unnumbered WHEREFORE paragraph, following Paragraph One Hundred and Seven (107) of Plaintiffs' Petition, Purple Wave denies that Plaintiffs are entitled to any of the relief requested as to Purple Wave and/or any of its affiliated entities and pray that this lawsuit as to Purple Wave be dismissed and that Purple Wave be awarded its costs, fees and the expenses of this action with such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Purple Wave, having fully answered Plaintiffs' Petition, asserts the following potentially applicable Affirmative Defenses subject to confirmation through discovery.

1.  Plaintiffs have failed to state a claim upon which relief can be granted;

2.  Plaintiffs' damages, if any, are the result of contributory negligence and/or comparative fault, over which Purple Wave had no control or authority to control;

3.  Plaintiffs' damages, if any, are the result of the negligence of Plaintiffs, other parties, entities or individuals over which Purple Wave had no control or authority to control;

4.  Pedro Aquino, his employer/supervisor, Northshore Moving Company, the Oklahoma Highway Patrol and others to be determined through discovery, were negligent and constituted a supervening or intervening cause in fact of the accident in question;

5.  Plaintiffs' negligence was of such a degree as to preclude recovery by Plaintiffs pursuant to contributory negligence and/or comparative fault;

6.  Purple Wave's negligence, which is denied, was not the proximate or direct cause of the alleged injuries or damages claimed by Plaintiffs herein;

7.  Purple Wave asserts that any damages, losses or claims by Plaintiffs should be strictly apportioned on the basis of fault, several liability and contributory negligence for all parties and potential non-parties as to be determined through discovery;

8.  Purple Wave asserts the doctrines of waiver, estoppel, laches, injury by fellow servant, release, waiver and/or the applicable statute of limitations as defenses;

9.  Purple Wave asserts the evidentiary limitation and substantive restriction on admissible medical expenses contained in 12 O.S. § 3009.1 as an Affirmative Defense;

10.  General denial;

13

11.    Purple Wave asserts the doctrines of sudden emergency and unavoidable accident as an Affirmative Defense;

12.    The FMCSRs and the series of regulations claimed by Plaintiffs are not applicable to Purple Wave's actions in this matter as an online auction hosting;

13.    An award of Punitive Damages against Defendant is both factually and legally improper and violates Defendant's rights under the laws and constitutions of the State of Oklahoma and the United States of America;

14.    Defendant reserves the right to amend this Answer, the affirmative defenses asserted herein or to further plead upon the completion of discovery.

## CROSS-CLAIM AS AGAINST AFI & LOGISTICS D/B/A NORTHSHORE MOVING COMPANY AND THIRD PARTY PETITION AGAINST PEDRO AQUINO

Purple Wave, pursuant to 12 O.S. §§ 2013 and 2014, asserts the following cross-claim as against AFI & Logistics, LLC, d/b/a Northshore Moving Company, as follows, and a third party Petition as against Pedro Aquino as follows:

1.    The Internet Auction Agreement and applicable service terms and conditions includes a series of obligations and conditions for using the Purple Wave online auction service applicable to the events at issue in this lawsuit.

2.    Among other terms, shipping is to be arranged by buyer as follows:

It is the Buyer's responsibility to arrange appropriate shipping if needed.  Buyers are responsible for the cost of auction Item mobilization, disassembly, rigging, transport, insurance and all other costs related to physical transfer of Items from the auction location.

3.    LIMITATION OF LIABILITY:

THE BUYER AGREES IN NO EVENT SHALL SELLER OR AUCTIONEER BE LIABLE TO BUYER OR ANY THIRD PARTY FOR ANY LOSS OF USE, REVENUE OR PROFIT OR LOSS OF DATA OR DIMINUTION IN VALUE, OR FOR ANY CONSEQUENTIAL, INDIRECT, INCIDENTAL, SPECIAL,

14

EXEMPLARY, OR PUNITIVE DAMAGES WHETHER ARISING OUT OF
BREACH OF CONTRACT, TORT, (INCLUDING NEGLIGENCE), OR
OTHERWISE, REGARDLESS OF WHETHER SUCH DAMAGES WERE
FORESEEABLE AND WHETHER OR NOT SELLER OR AUCTIONEER HAS
BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, AND
NOTWITHSTANDING THE FAILURE OF ANY AGREED OR OTHER
REMEDY OF ITS ESSENTIAL PURPOSE.

　　　　*emphasis original.

4.　　　MAXIMUM LIABILITY:

IN NO EVENT SHALL AUCTIONEER'S AND SELLER'S AGGREGATE
LIABILITY FOR ALL CLAIMS ARISING OUT OF OR RELATED TO THIS
AGREEMENT, WHETHER ARISING OUT OF OR RELATED TO BREACH
OF CONTRACT, TORT (INCLUDING NEGLIGENCE), OR OTHERWISE,
EXCEED THE TOTAL OF THE AMOUNTS PAID BY BUYER TO
AUCTIONEER AND SELLER FOR THE ITEMS AND SERVICES SOLD
HEREUNDER.

　　　　*emphasis original.

5. Absent any specific contractual provisions, Purple Wave also asserts the following

common-law indemnity cross-claim as against co-defendant AFI Logistics LLC d/b/a Northshore

Moving Company and as part of its Third-Party Petition against Pedro Aquino, based on the

Oklahoma Supreme Court's opinion in *Porter v. Norton-Stuart Pontiac-Cadillac of Enid*, 1965

OK 18, 405 P.2d 109 and its progeny.

6.　　　Purple Wave was merely an online auction service; it took no part in removing

portions of the vehicle, rigging it for shipping/transport, verifying the condition of the vehicle

before it left Northshore Moving Company and/or observing Mr. Aquino's apparently deficient

lighting or transport of the vehicle in question.

7.　　　Purple Wave had no employees, or agents performing or having any involvement

in the act of taking the bed off of the moving truck in question and/or its transportation and had a

15

contract (above) disclaiming any additional duties concerning the rigging or transport of the vehicle in question.

8.      Based on Plaintiffs' allegations, it appears that Northshore Moving Company and/or Pedro Aquino improperly disassembled, rigged or moved the offending truck in question, leading to the accident in question.

9.      To the extent that some portion of negligence, fault or responsibility for this accident ultimately falls on Purple Wave, same would in effect be based on some species of constructive liability or secondary negligence.

10.     The Oklahoma Supreme Court in *Porter v. Norton-Stuart Pontiac-Cadillac of Enid*, 1965 OK 18, 405 P.2d 109 and its progeny, articulated a common-law rule that allows for an indemnity claim in circumstances such as this, even without an express contract, as follows:

> Where two parties are jointly liability in respect of a tort, one of them for the reason that he is the actual wrongdoer, and the other for the reason that the tort constituted a violation of a positive duty, the latter is entitled to recover from the former the amount he has been compelled to pay as damages for the injury. The rationale of this rule is that the latter party is chargeable merely with 'constructive fault', and is consequently not in pari delicto with the former. In this point of view the applicability of the rule is negative, wherever it appears that the party seeking indemnity was himself guilty of affirmative misconduct which was a proximate cause of the injury in question.'

*Porter v. Norton-Stuart Pontiac-Cadillac of Enid*, 1965 OK 18, ¶ 17, 405 P.2d 109.

11.     Purple Wave performed none of the actual work or activities that set in motion the accident as alleged by Plaintiffs. Any liability ultimately imposed on Purple Wave would be by virtue of the actions or inactions of Northshore Moving Company and/or Pedro Acquino, with such liability being constructive. "[O]ne constructively liable for a tort is general held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of the common law, and irrespective of the existence of an

express contract to indemnify." *Porter*, 1965 OK 18, ¶ 14. "Accordingly, it has been stated that a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not." *Id.*

12.     Neither liability nor damages have been established in this case yet, however, Purple Wave is and continues to be damaged by this lawsuit, is incurring attorney fees/costs, reputational damage and other damages that are ongoing and continuing.  As such, as against Northshore Moving Company and Pedro Aquino, Purple Wave brings both contractual and common law indemnity claims for any damages awarded in this lawsuit with such other relief as this Court deems just and proper, including ongoing attorney fees and costs.

WHEREFORE, Defendant Purple Wave, Inc., respectfully prays that Plaintiffs take nothing by way of their Petition and that judgment be entered for Purple Wave together with its costs, fees and expenses of this action in addition to such other relief that this Court deems just and proper and that Purple Wave has preserved its contractual and common law claims against AFI Logistics, LLC d/b/a Northshore Moving Company and Pedro Aquina as set forth above and herein.

Respectfully submitted,

*PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, LLP*

Jake Pipinich, OBA # 22687
P.O. Box 239
Tulsa, Oklahoma 74101
Telephone:  918-583-8100
Facsimile:  918-583-8107
jpipinich@piercecouch.com

17

and

Daniel J. Hoehner, OBA #10852
Benjamin Honeycutt, OBA #35642
1109 N. Francis Ave.
Oklahoma City, OK 73106
Telephone: 405-235-1611
Facsimile: 405- 235-2904
Email: dhoehner@piercecouch.com
*Attorneys for Defendants, Purple Wave, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a full, true and correct copy of the above and foregoing document was served on the 2nd day of June, 2025, via:

☒U.S. First Class Mail, proper postage prepaid;
☐Certified Mail, Return Receipt Requested;
☐Facsimile;
☒E-mail;
☐Hand Delivery;
☐Overnight Express Delivery;

**SMITH BARKETT LAW GROUP, PLLC**
Rusty Smith, OBA #19575
Michael L. Barkett, OBA #16171
P.O. Box 767/555 W. Okmulgee
Muskogee, OK 74402-0767
Email: rsmith@smithbarkett.com
mbarkett@smithbarkett.com
*Attorneys of Plaintiffs*

18