IN THE DISTRICT COURT OF WAGONER COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| BROOKE BUTLER, Personal Representative Of the Estate of Baylor Kole Allen Butler, deceased; JEFF CARTER, Personal Representative of the Estate of Stevie Ray Vaughan Carter, deceased; and JOHNNIE DUROSSETTE, an individual;<br><br>      Plaintiffs,<br>v.<br><br>AFI & LOGISTICS, LLC d/b/a Northshore Moving Company, a foreign company; and PURPLE WAVE, INC., d/b/a Purple Wave Auction, a foreign corporation,<br><br>      Defendants.<br><br>AFI & LOGISTICS, LLC d/b/a Northshore Moving Company, a foreign company;<br><br>      Third-Party Plaintiff,<br>v.<br><br>JOHNNIE DUROSSETTE, an individual, and PEDRO AQUINO, an individual.<br><br>      Third-Party Defendants | Case No. CJ-2025-196 |

## ANSWER, COUNTER-CLAIM AND THIRD-PARTY PETITION OF DEFENDANT AND THIRD-PARTY PLAINTIFF AFI & LOGISTICS, LLC

COMES NOW Defendant and Third-Party Plaintiff AFI & Logistics, LLC d/b/a Northshore Moving Company, a foreign company, ("AFI") in answer to Plaintiffs' Petition and counter-claim against Plaintiff Johnie Durossette and a Third-Party action against Pedro Aquino, and would allege and state the following:

**EXHIBIT 6**

## ANSWER TO PLAINTIFFS' PETITION

1. Defendant admits the allegations contained in paragraph 1 of Plaintiffs' Petition.

2. Defendant has insufficient information to admit the allegations in paragraph 2 of Plaintiffs' Petition and therefore denies the same.

3. Defendant has insufficient information to admit the allegations in paragraph 3 of Plaintiffs' Petition and therefore denies the same.

4. Defendant has insufficient information to admit the allegations in paragraph 4 subparts a through f of Plaintiffs' Petition and therefore denies the same.

5. Defendant admits the allegations in paragraph 5 of Plaintiffs' Petition.

6. Defendant has insufficient information to admit the allegations in paragraph 6 of Plaintiffs' Petition and therefore denies the same.

7. Defendant has insufficient information to admit the allegations in paragraph 7 of Plaintiffs' Petition and therefore denies the same.

8. Defendant has insufficient information to admit the allegations in paragraph 8 of Plaintiffs' Petition and therefore denies the same.

9. Defendant admits the allegations in paragraph 9 of Plaintiffs' Petition.

10. Defendant admits the allegations in paragraph 10 of Plaintiffs' Petition.

11. Defendant admits the allegations in paragraph 11 of Plaintiffs' Petition.

12. Defendant does not have sufficient information to admit or deny the allegations in paragraph 12 of Plaintiffs' Petition and therefore denies the same.

13. Defendant admits the court has jurisdiction, but that this case is also removable to the federal court.

14. Defendant admits the allegations in paragraph 14 of Plaintiffs' Petition.

15. Defendant admits the allegations in paragraph 15 of Plaintiffs' Petition, but denies the allegations have any relevance to Plaintiffs' cause of action.

16. Defendant admits the allegations in paragraph 16 of Plaintiffs' Petition.

17. Defendant admits the allegations in paragraph 17 of Plaintiffs' Petition.

18. Defendant admits the allegations in paragraph 18 of Plaintiffs' Petition.

19. Defendant admits the allegations in paragraph 19 of Plaintiffs' Petition but denies the allegations are relevant to Plaintiffs' cause of action.

20. Defendant admits the allegations in paragraph 20 of Plaintiffs' Petition.

21. Defendant admits the allegations in paragraph 21 of Plaintiffs' Petition, but denies the photo is an accurate photo of the vehicle at the time of sale to Pedro Aquino.

22. Defendant has insufficient information to admit or deny the allegations in paragraph 22 of Plaintiffs' Petition and therefore denies the same.

23. Defendant has insufficient information to admit or deny the allegations in paragraph 23 of Plaintiffs' Petition and therefore denies the same.

24. Defendant has insufficient information to admit or deny the allegations in paragraph 24 of Plaintiffs' Petition and therefore denies the same.

25. Defendant admits the allegations in paragraph 25 of Plaintiffs' Petition.

26. Defendant admits the allegations in paragraph 26 of Plaintiffs' Petition.

27. Defendant admits the allegations in paragraph 27 of Plaintiffs' Petition.

28. Defendant admits the allegations in paragraph 28 of Plaintiffs' Petition.

29. Defendant admits the allegations in paragraph 29 of Plaintiffs' Petition.

30. Defendant denies the allegations in paragraph 30 of Plaintiffs' Petition.

31. Defendant admits the allegations in paragraph 31 of Plaintiffs' Petition.

32. Defendant denies the allegations in paragraph 32 of Plaintiffs' Petition.

33. Defendant has insufficient information to admit or deny the allegations in paragraph 33 of Plaintiffs' Petition, therefore denies the same.

34. Defendant has insufficient information to admit or deny the allegations in paragraph 34 of Plaintiffs' Petition, therefore denies the same.

35. Defendant has insufficient information to admit or deny the allegations in paragraph 35 of Plaintiffs' Petition, therefore denies the same.

36. Defendant admits the allegations in paragraph 36 of Plaintiffs' Petition.

37. Defendant has insufficient information to admit or deny the allegations in paragraph 37 of Plaintiffs' Petition, therefore denies the same.

38. Defendant denies the allegations in paragraph 38 of Plaintiffs' Petition.

## COUNT ONE
## STRICT PRODUCTS LIABILITY

39. Defendant denies the allegations in paragraphs 39 through 44 of Plaintiffs' Petition.

## COUNT TWO
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

40. Defendant denies the allegations in paragraphs 45 through 49 of Plaintiffs' Petition.

## COUNT THREE
## NEGLIGENCE

41. Defendant denies the allegations in paragraphs 50 through 56 of Plaintiffs' Petition.

## COUNT FOUR
## NEGLIGENCE PER SE

42. Defendant denies the allegations in paragraphs 57 through 63 of Plaintiffs' Petition.

## COUNT FIVE
## NEGLIGENT UNDERTAKING

43. Defendant denies the allegations in paragraphs 64 through 69 of Plaintiffs' Petition.

## COUNT SIX
## PUNITIVE DAMAGES

44.     Defendant denies the allegations in paragraphs 70 through 71 of Plaintiffs' Petition.

45.     In regard to Counts 7 through 12 paragraphs 72 through 107 directed against Defendant Purple Wave, these allegations are not pertinent to Defendant AFI and therefore it need not answer those allegations.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs have failed to state a claim upon which relief can be granted.

2.      Plaintiffs' comparative negligence is the cause of their injuries and therefore they are barred from recovering under any delineated negligence theory of recovery.

3.      Plaintiffs' alleged damages was a result of the acts and omissions of third parties that are not under the control of this Defendant.

4.      Defendant owed no duty of care to Plaintiffs, as the vehicle in question was purchased and delivered to the buyer, which assumed control over the vehicle at issue.

5.      Defendant is not a manufacturer of vehicles nor in the business of selling vehicles, therefore, Plaintiffs have no cognizable products liability cause of action.

6.      The vehicle at issue was sold "AS IS" and no warranties attached to the transaction.

7.      Plaintiffs cannot assert any claim for breach of warranty since they are strangers to the transaction of the sale of the vehicle at issue.

8.      Plaintiffs have no cause of action against Defendant because they have no privity to the contract for the sale of the vehicle at issue.

9.      Defendant has no vicarious liability for the alleged acts and omissions of Pedro Aquino since he was not the Defendant's agent, and not furthering Defendant's business at the time of the accident at issue.

10. Defendant AFI is entitled to credit against any claims asserted by Plaintiffs in the amount of all recoveries they have made from any insurance carriers that insured Johnnie Durossette, Pedro Aquino, or any other party to this action.

11. Plaintiffs have failed to mitigate their damages.

12. The negligence complained of was a condition and not the cause of Plaintiffs claimed injuries.

13. Plaintiffs' claim for recovery or medical bills is capped at the actual amount paid to resolve the bill, pursuant to Title 12 O.S. § 3009.1.

14. Plaintiffs' prayer for punitive damages violates the U.S. Constitution's Eighth Amendment prohibition of the imposition of excessive fines and penalties.

15. The claim for punitive damages in the Plaintiffs' Petition is without support in either the law or facts and is made wantonly and without cause solely for the purpose of harassment and intimidation.

16. Plaintiffs' prayer for damages should be denied for the reason that such an award violates the due process requirements of the 14th Amendment to the Constitution of the United States and Article 2, Section 6; Article 2, Section 7; and Article 5, Section 59 of the Constitution of the State of Oklahoma, as well as the Equal Protection Clause of the 14th Amendment of the Constitution of the United States and the Articles of the Constitution of the State of Oklahoma in that awarding of disproportionate judgments against Defendants who have committed similar offenses resulting in similar injury, but who differ only in material wealth, constitutes an arbitrary and invidious discrimination is prohibited by said Equal Protection Clause of the respective Constitutions.

17. Defendant AFI reserves the right to raise additional affirmative defenses as they become apparent through discovery.

## COUNTER-CLAIM AGAINST PLAINTIFF JOHNNIE DUROSSETTE

1. That Johnnie Durossette was the driver of the 2013 Ford Fusion, in which decedents Baylor Kole Allen Butler ("Butler") and Stevie Ray Vaughan Carter ("Carter") were traveling in around 4:30 a.m. March 24, 2025, on the Muskogee Turnpike west bound.

2. While operating his motor vehicle Durossette did negligently operate his motor vehicle, by exceeding the posted speed limit; drove faster than safe as permitted by conditions; and failed to devote his full attention to operating his vehicle on the roadway.

3. That as a direct result of Durossette's negligence his vehicle collided with the vehicle being towed by Pedro Aquino.

4. That as a direct result of the negligence of Durossette, Butler and Carter died when their vehicle collided with the vehicle operated by Pedro Aquino.

5. That AFI has been sued by the Estates of Butler and Carter for their wrongful deaths arising out of vehicular accident at issue.

6. That AFI seeks indemnity from Durossette for any amount of money it would have to pay to satisfy any judgment rendered against it due to the accident at issue.

7. That AFI is entitled to credit for any sums that Durossette's insurance carrier has or will pay to the Estate of Butler and Carter.

8. That AFI seeks an amount of over $75,000 against Durossette to satisfy its indemnity claim.

## THIRD-PARTY ACTION AGAINST THIRD-PARTY DEFENDANT PEDRO AQUINO

1. That Third-Party Defendant Pedro Aquino is a citizen of the State of Kansas, with a domicile in Wichita, Kansas.

2. That on or about March 22, 2025, Mr. Aquino completed his purchase of and took delivery of the 2013 International Truck at issue. ("International").

3. Aquino's purchase of the International was "AS IS" and no warranties were made and were expressly disclaimed as part of the sale transaction.

4. That Aquino negligently towed the International with a 1999 Ford F-450 box truck.

5. On March 24, 2025, an accident in Wagoner County, Oklahoma ensued when the vehicle driven by Plaintiff Johnnie Durossette collided with the International being towed by Third-Party Pedro Aquino.

6. That the accident at issue was caused in part by negligence of Third-Party Defendant Pedro Aquino.

7. Third-Party Plaintiff AFI has been sued by the Estates of Butler and Carter for wrongful death and Johnnie Durossette for personal injury arising out of the March 24, 2025, accident at issue.

8. Third-Party Plaintiff AFI seeks indemnity against Third-Party Defendant Aquino for any sum it may have to pay to satisfy any judgment entered against it that is due to the negligence of Aquino.

9. Third-Party Plaintiff AFI is entitled to credit in the amount any insurance carrier that insurers Aquino has paid to the Butler and Carter Estates and Johnnie Durossette to overset those Plaintiffs' claims against AFI.

WHEREFORE, above premises considered, Defendant, AFI & Logistics seeks an amount in excess of over $75,000 together with costs, attorney fees incurred in the defense of the action and other further relief that is just and equitable.

Respectfully submitted,

AFI & LOGISTICS, LLC
- Defendant

By: *(signature)*
Brently C. Olsson – OBA #12807
bolsson@cheeklaw.com
CHEEK LAW FIRM, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 272-0621
Facsimile: (405) 232-1707
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF MAILING

This is to certify that I have this **10th** day of June 2025, mailed a true and correct copy of the above and foregoing document to:

SMITH BARKETT LAW GROUP, PLLC
Rusty Smith
Michael L. Barkett
P.O. Box 767
555 W. Okmulgee
Muskogee, OK 74402
*Attorneys for Plaintiffs*

Jake G. Pipinich
Pierce Couch Hendrickson
 Baysinger & Green, LLP
P.O. Box 239
Tulsa, OK 74101
*Attorney for Defendant Purple Wave*

Brently C. Olsson