IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BROOKE BUTLER, *et al.*,

    **Plaintiffs,**

           **v.**

AFI & LOGISTICS, LLC, *et als.*,

    **Defendants.**

**Civil No.** 25-199 (FAB)

## OPINION AND ORDER

BESOSA, Senior District Judge.[1]

Before the Court is the Report and Recommendation (Docket No. 49, the "R&R") issued by U.S. Magistrate Judge Gerald L. Jackson regarding third-party defendant Pedro Aquino ("Aquino")'s motions to dismiss the third-party complaints filed by defendants Purple Wave, Inc. ("Purple Wave") (Docket No. 29) and AFI & Logistics, LLC ("AFI") (Docket No. 37.)  This case is before the Court by designation pursuant to 28 U.S.C. § 292(d).  See Docket No. 74.  For the reasons set forth below, the Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R, finds that Aquino's motion to dismiss with respect to AFI is **MOOT,** and **GRANTS** Aquino's motion to dismiss with respect to Purple Wave.

---

[1] Senior United States District Judge for the District of Puerto Rico, sitting by designation.

Civil No. 25-199 (FAB)                                                        2

## I.    Background

In early 2025, Aquino purchased a 2013 International truck from AFI using Purple Wave's online auction platform.  (Docket No. 2-1 at p. 5.)  AFI had removed the cargo box and various other components from the truck, which was not in drivable condition. Id. at pp. 6-7.  On March 22, 2025, Aquino picked up the truck from AFI in Hammond, Louisiana.  Id. at p. 7.  Borrowing some tools from AFI employees, he coupled the truck to the back of his Ford F-450 to tow it back to his home in Wichita, Kansas.  Id. at pp. 7-9.  Shortly after 4:00 a.m. on March 24, 2025, near mile marker 18 on the Muskogee turnpike in Oklahoma, a car crash occurred between Aquino and a 2013 Ford Fusion.  Id. at p. 9. Inside the Fusion were Johnnie Durossette (the driver), Baylor Kole Allen Butler, and Stevie Ray Vaughan Carter.  Id.  Mr. Butler and Mr. Carter died in the crash and Mr. Durossette was injured. Id.

Mr. Durossette and the estates of Mr. Butler and Mr. Carter (collectively, "plaintiffs") sued AFI and Purple Wave in Oklahoma state court for products liability, breach of the implied warranty of merchantability, and negligence.[2]  (Docket No. 2-1.)  Purple Wave removed the case to federal court pursuant to 28 U.S.C.

---

[2] Plaintiffs have apparently already settled their claims against Aquino.  See Docket No. 63 at p. 5 n. 1.

Civil No. 25-199 (FAB)                                                      3

§ 1441, invoking the federal court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket No. 2.) Both Purple Wave and AFI brought third-party petitions against Aquino. (Docket No. 2-4 at pp. 14-17; Docket No. 12 at pp. 8-9.) Purple Wave alleges that Aquino is obligated to indemnify it for any liability it may have to the plaintiffs, claiming both contractual indemnity and non-contractual implied indemnity. See Docket No. 2-4 at pp. 14-17. AFI alleges that Aquino is obligated to provide it either indemnity or contribution. See Docket No. 12 at pp. 8-9.

Aquino moved to dismiss both third-party complaints. (Docket No. 29; Docket No. 37.) He argued that both Purple Wave and AFI failed to show that they are entitled to indemnity from him, whether contractually or otherwise. He also argued that AFI's contribution claim fails because Oklahoma law employs several liability and will not possibly hold AFI liable for more than its share of the damages as a joint tortfeasor. Last, he argued that any attempt to amend the third-party petitions by either Purple Wave or AFI would be futile and that they should be dismissed without leave to amend.

The magistrate judge recommended denying Aquino's motions to dismiss. With respect to Purple Wave, he found that it plausibly alleged that some legal relationship may exist to support its claim for indemnity, although he noted that the cited clauses from Purple

Civil No. 25-199 (FAB)                                                    4

Wave's Internet Auction Agreement were insufficient on their own to show a contractual right to indemnity.  See Docket No. 49 at pp. 6-9.  As for AFI, the magistrate judge found that it failed to state a claim but provided leave to amend its third-party complaint.  Id. at pp. 10-12.  AFI did so on February 16, 2026. See Docket No. 55.

Aquino timely objected to the R&R.  (Docket No. 54.)  He argues that the R&R did not apply the proper standard of review to his motion to dismiss Purple Wave's third-party complaint.  Rather than evaluating Purple Wave's allegations as they appeared on the face of its petition, Aquino argues that the R&R recommended denying his motion based on hypothetical scenarios in which Purple Wave may have a valid argument for indemnification.  As for AFI, although Aquino did not object to the magistrate judge's recommendation granting leave to amend its third-party complaint, he promptly moved to dismiss the amended pleading, raising similar arguments to those in his original motions to dismiss.  See Docket No. 63.

## II.  Legal Standard

A district court may refer a pending motion to a magistrate judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a).  Any party adversely affected by the report and recommendation may file written

Civil No. 25-199 (FAB)                                                      5

objections within fourteen days of being served with the magistrate judge's report.  28 U.S.C. § 636(b)(1).  "A party that files a timely objection is entitled to a de novo determination of those portions of the report or specified proposed findings or recommendations to which a specific objection is made."  Lowery Wilkinson Lowery, LLC v. Illinois, No. 25-CV-22-RAW, 2025 U.S. Dist. LEXIS 268063, at *3 (E.D. Okla. Dec. 31, 2025) (citing United States v. Raddatz, 446 U.S. 667, 673 (1980)).  "The objections must specifically identify those findings or recommendations to which objections are being made" and "[t]he district court need not consider frivolous, conclusive, or general objections."  Id. (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)).  In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(a)(b)(1).

Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may move to dismiss an action for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain enough factual matter "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A court must decide whether the complaint alleges

Civil No. 25-199 (FAB)                                                    6

facts which "raise a right to relief above the speculative level."
Id. at 555.  "In considering whether the complaint's allegations
are sufficient, the court first eliminates conclusory allegations,
mere 'labels and conclusions,' and any 'formulaic recitation of
the elements of a cause of action.'" Bledsoe v. Carreno, 53 F.4th
589, 606 (10th Cir. 2022) (quoting Twombly, 550 U.S. at 555).
"[The Court] must accept as true all well-pleaded factual
allegations in a complaint and view these allegations in the light
most favorable to the [proponent]." Cressman v. Thompson, 719
F.3d 1139, 1141 (10th Cir. 2013) (internal quotation marks and
alterations omitted).

## III. Discussion

The R&R recommends denying Aquino's motion to dismiss with
respect to Purple Wave and finding his motion to dismiss with
respect to AFI moot, while allowing AFI leave to amend its third-
party petition.  Aquino only objected to the recommendations with
respect to Purple Wave.  Further, AFI has already filed its amended
third-party petition and Aquino has already moved to dismiss it.
Evaluation of that motion is pending a report and recommendation
from the magistrate judge.  Accordingly, the Court **ADOPTS** the
magistrate judge's recommendation finding Aquino's motion to
dismiss with respect to AFI (Docket No. 29) as **MOOT**.  AFI's amended
third-party complaint, and Aquino's corresponding motion to

Civil No. 25-199 (FAB)                                                    7

dismiss, will be addressed by separate order after receipt of the

magistrate judge's recommendations.

This leaves Purple Wave's third-party complaint against

Aquino. Purple Wave alleges that Aquino is required to indemnify

it for any liability it may face from plaintiffs' lawsuit under

theories of contractual and implied indemnity.[3] "[T]he right of

indemnity may arise out of an express (contractual) or implied

(vicarious) liability." Nat'l Union Fire Ins. Co. v. A.A.R. W.

Skyways, Inc., 1989 OK 157, ¶ 7, 784 P.2d 52, 54 (Okla. 1989).

Id. "An indemnity agreement is a valid agreement in Oklahoma, and

is governed by statute." Fretwell v. Prot. Alarm Co., 1988 OK 84,

¶ 12, 764 P.2d 149, 153 (Okla. 1988); see Okla. Stat. tit. 15,

§§ 421-430 (2026). Oklahoma courts "strictly construe an

agreement which would have the result of indemnifying one against

his own negligence," and will only allow a party to be indemnified

---

[3] Purple Wave makes similar arguments in a cross-claim against AFI, but the cross-claim is not currently before the Court.

Civil No. 25-199 (FAB)                                                      8

for its own negligence "where the intention to do so is unequivocally clear from an examination of the contract[.]"  Id.[4]

Purple Wave asserts that the terms and conditions in the Internet Auction Agreement, allegedly signed and enforceable against Aquino, contain an indemnity clause in its favor.  Purple Wave cites the "limitation of liability" and "maximum liability" clauses, which state the following:

> The buyer [Aquino] agrees in no event shall seller [AFI] or auctioneer [Purple Wave] be liable to buyer or any third party for any loss of use, revenue or profit or loss of data or diminution of value, or for any consequential, indirect, incidental, special, exemplary, or punitive damages whether arising out of breach of contract, tort (including negligence), or otherwise, regardless of whether such damages were foreseeable and whether or not seller or auctioneer has been advised of the possibility of such damages, and notwithstanding the failure of any agreed or other remedy of its essential purpose.

> In no event shall auctioneer's and seller's aggregate liability for all claims arising out of or related to this agreement, whether arising out of or related to breach of contract, tort (including negligence), or otherwise, exceed the total of the amounts paid by buyer to auctioneer and seller for the items and services sold hereunder.

---

[4] Purple Wave asserts that Kansas law, rather than Oklahoma law, should apply to its contractual indemnity claim by virtue of a choice-of-law clause in the Internet Auction Agreement.  See Docket No. 38 at p. 4.  A copy of the Internet Auction Agreement was not provided to the Court, and instead, Purple Wave merely copied and pasted sections of the contract into its brief.  Even assuming that the terms of the contract, including the choice-of-law clause, are enforceable against Aquino, Kansas law and Oklahoma law on contractual indemnity are identical in the relevant respects.  Compare Neustrom v. Union Pac. R.R., 156 F.3d 1057, 1062 ("Under Kansas law, agreements in which one party agrees to indemnify another for the indemnitee's own negligence are disfavored and as such must be expressed in clear and unequivocal language"); with Fretwell, supra.

Civil No. 25-199 (FAB)                                                  9

The Court does not read these clauses as creating a right to indemnity for Purple Wave from Aquino.  Stating that "buyer agrees in no event shall seller or auctioneer be liable to buyer or any third party" is not the same as stating that Aquino agrees to affirmatively reimburse Purple Wave for any liability arising out of its own fault in connection with the sale.  Even if such an interpretation is possible, it would not be the most reasonable one, let alone clear and unequivocal as required by law. Accordingly, Purple Wave is not contractually entitled to indemnification from Aquino.[5]

Purple Wave's implied indemnity argument fares no better. "[T]he general rule of indemnity [under Oklahoma law] is that **one without fault**, who is forced to pay on behalf of another, is entitled to indemnification."  Nat'l Union Fire Ins. Co., 1989 OK 157 at ¶ 8 (emphasis added).  "Noncontractual or equitable indemnity is similar to common-law contribution; one who is only constructively or vicariously obligated to pay damages because of another's tortious conduct may recover the sum paid from the tortfeasor."  Id. (quoting Travelers Ins. Co., 1988 OK 76 at ¶ 8

---

[5] Purple Wave argues that the Court is not permitted to read and interpret the parties' contract at the motion to dismiss stage.  See Docket No. 38 at pp. 5-7. This is incorrect.  See Goodwill Indus. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co., 21 F.4th 704, 710-714 (10th Cir. 2021) (affirming the district court's granting of a motion to dismiss upon agreeing with its interpretation of contract terms).  The facial plausibility of Purple Wave's claim depends on its asserted right to indemnity.  Purple Wave cannot avoid dismissal merely by asserting in a conclusory fashion that such a right in its favor exists.

Civil No. 25-199 (FAB)                                              10

n. 16).  "Oklahoma courts have repeatedly held that a party whose negligence has proximately caused the injuries in question may not seek equitable indemnification from a third party who has also proximately caused those injuries."  Adams v. E-Z Mart Stores, Inc., No. 23-CV-278-RAW, 2026 U.S. Dist. LEXIS 33565, at *6 (E.D. Okla. Feb. 19, 2026).

Purple Wave fails to present any justification for finding an implied right to indemnity from Aquino.  Purple Wave is being sued directly for its own legal fault, not based on vicarious liability via Aquino.  See Docket No. 2-1 at pp. 11-23 (each of plaintiffs' causes of action allege specific wrongdoing by Purple Wave, rather than vicarious liability).  Taking plaintiffs' allegations as true, Purple Wave was itself at least partially responsible for the accident.[6]  At no point does Purple Wave allege that Aquino was acting as an employee, contractor, or agent for Purple Wave. Rather, he was merely picking up a truck he bought for himself. Indeed, Purple Wave's theory of implied indemnity, based solely on a buyer-seller relationship with Aquino, is borderline nonsensical.  By Purple Wave's logic, anyone who buys a product on a third-party platform could be forced to indemnify both the

---

[6] Whether the plaintiffs have stated an actionable claim against Purple Wave is not currently before the Court and is presumed true solely for the purposes of evaluating Purple Wave's implied indemnity argument.

Civil No. 25-199 (FAB)                                          11

seller's and the platform's negligence liabilities.  Accordingly,
Purple Wave's implied indemnity theory fails to state a claim.

Last, the Court declines Purple Wave's requested leave to
amend its third-party complaint.  Courts "should freely give leave
[to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).
A court may refuse to grant leave to amend, however, "upon a
showing of futility of amendment."  Panicker v. State Dep't of
Agric., 498 Fed. Appx. 755, 757 (10th Cir. 2012) (quoting Frank v.
U.S. W., Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)) (internal
alterations omitted).  Here, leave to amend would be futile.  Given
the undisputed facts of the case, it is impossible for Purple Wave
to construct a facially plausible indemnity claim.  The Internet
Auction Agreement does not contain an indemnity clause and the
relationship between Purple Wave and Aquino is completely outside
the scope of scenarios where Oklahoma courts would imply a right
to indemnity.  Accordingly, the Court denies Purple Wave's request
for leave to amend.

**IV.  Conclusion**

For the reasons set forth above, the Court **ADOPTS IN PART** and
**REJECTS IN PART** the R&R (Docket No. 49).  Aquino's motion to
dismiss with respect to AFI is **MOOT.**  (Docket No. 29.)  Aquino's
motion to dismiss with respect to Purple Wave is **GRANTED.**  (Docket
No. 37.)

Civil No. 25-199 (FAB)                                                           12

Partial Judgment shall be issued accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 3, 2026.


                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        SENIOR UNITED STATES DISTRICT JUDGE