**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BROOKE BUTLER, Personal Representative of the Estate of Baylor Kole Allen Butler, deceased; JEFF CARTER, Personal Representative of the Estate of Stevie Ray Vaughan Carter, deceased; and JOHNNIE DUROSSETTE, Plaintiffs, | ) | |
| v. | ) | Case No. 25-CV-199-FAB-GLJ |
| AFI & LOGISTICS, LLC, and PURPLE WAVE, INC., Defendants. | ) | |
| AFI & LOGISTICS, LLC, Third-Party Plaintiff/Counterclaimant, | ) | |
| v. | ) | |
| JOHNNIE DUROSSETTE, Counterclaim Defendant, & PEDRO AQUINO, Third-Party Defendant. | ) | |
| PURPLE WAVE, INC., Cross-Claim Plaintiff, | ) | |
| v. | ) | |
| AFI & LOGISTICS, LLC, Cross-Claim Defendant. | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

This case arises out of a fatal motor vehicle collision that occurred on the Muskogee Turnpike in Wagoner County in the Eastern District of Oklahoma. In March 2025, Pedro

Aquino purchased a 2013 International Truck ("International") from Defendant AFI & Logistics, LLC, doing business as Northshore Moving Company ("AFI"). He made this purchase at an auction run by Purple Wave, Inc., doing business as Purple Wave Auction ("Purple Wave"). Aquino towed the International behind a 1999 Ford F-450 box truck ("Box Truck") from the purchase point in Louisiana and was traveling westbound on the Muskogee Turnpike in the early morning hours of March 24, 2025. That morning, Johnnie Durossette was driving a vehicle along with passengers Baylor Kole Allen Butler and Stevie Ray Vaughan Carter. Durossette's vehicle collided with the International driven by Aquino. Butler and Carter died as a result of the collision, and Durossette was injured.

Durossette and representatives from Butler's and Carter's estates (collectively, "Plaintiffs") sued AFI and Purple Wave in state court in Wagoner County, Oklahoma, in Case No. CJ-25-196, on May 7, 2025. Purple Wave removed the case to this Court on June 10, 2025. *See* Docket Nos. 1-2. Plaintiffs' state court petition alleges twelve claims against these two Defendants, including claims against each for products liability, breach of the implied warranty of merchantability, negligence, negligence per se, and negligent undertaking, as well as claims for punitive damages. *See* Docket No. 2, Ex. 1, pp. 11-23. As relevant here, Purple Wave and AFI each answered Plaintiffs' Petition with, *inter alia*, a Third-Party Petition as to Aquino. *See* Docket No. 2, Ex. 4 & 6, & Docket No. 12. Following an election of the "District Judge Option," the Court referred this case back to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. [Docket Nos. 17-18]. Aquino moved to dismiss both Third-Party Petitions against him. *See* Docket Nos. 29, 37.

Thereafter, on January 15, 2026, Defendant Purple Wave moved for leave to file an amended answer to assert counterclaims against Plaintiff Durossette. Docket No. 32. Purple Wave's motion to amend was granted. Docket No. 46. Purple Wave's Amended Answer was filed February 3, 2026, and included the counterclaims Purple Wave sought to add against Plaintiff Durosette, as well as the previously filed cross-claim against Defendant AFI and the Third-Party Complaint against Defendant Aquino. Docket No. 47. That same day, the undersigned Magistrate Judge issued a Report and Recommendation, recommending that (i) Third-Party Defendant Pedro Aqunio's Motion to Dismiss AFI's Third-Party Complaint be held in abeyance pending AFI's filing of an amended third-party complaint, and (ii) Third-Party Defendant Aquino's Motion to Dismiss Purple Wave's Third-Party Complaint be denied. Docket No. 49. On June 3, 2026, the Court adopted the Report and Recommendation in part, finding Aquino's Motion to Dismiss with respect to AFI moot, and rejected it in part, finding Aquino's Motion to Dismiss with respect to Purple Wave should be granted and denied Purple Wave's request for leave to amend. Docket No. 85.

Before the Court now is Defendant Pedro Aquino's Continued Motion to Dismiss the Third-Party Complaint of Purple Wave [Docket No. 56] and Defendant Pedro Aquino's Motion to Dismiss the Amended Third-Party Complaint of AFI [Docket No. 63]. For the reasons set forth below, the undersigned Magistrate Judge recommends that Defendant Pedro Aquino's Continued Motion to Dismiss the Third-Party Complaint of Purple Wave [Docket No. 56] be DENIED AS MOOT, and Defendant Pedro Aquino's Motion to Dismiss the Amended Third-Party Complaint of AFI [Docket No. 63] be GRANTED.

*Purple Wave's Third-Party Complaint.*

On October 29, 2025, Third-Party Defendant Aquino moved to dismiss Purple Wave's Third-Party Complaint against him. Docket No. 37. On February 3, 2026, Purple Wave, with leave of court filed an Amended Answer to assert counterclaims against Plaintiff Durossette. Docket Nos. 47 & 48. As part of that filing, Purple Wave refiled its Third-Party Complaint against Third-Party Defendant Aquino.[1] Docket Nos. 47 & 51. In response to the refiling of the Third-Party Complaint, Aquino re-urged his motion to dismiss Purple Wave's Third-Party Complaint. Docket No. 56. This subsequent motion remains pending before the Court. However, on June 3, 2026, the Court granted Pedro Aquino's initial Motion to Dismiss Purple Wave's Third-Party Complaint, with prejudice, and denied Purple Wave leave to file an Amended Third-Party Complaint. Accordingly, the undersigned Magistrate Judge recommends that Third-Party Defendant Pedro Aquino's Continued Motion to Dismiss Third-Party Petition and Brief in Support [Docket No. 56] be DENIED AS MOOT.

*AFI's Amended Third-Party Complaint.*

AFI's Amended Third-Party Complaint, Docket No. 55, alleges that Aquino negligently towed the International and that the accident was caused in part by Aquino's

[1] The docket mistakenly reflects that this was an "Amended Third Party Complaint." Docket No. 55. Although the Third-Party Complaint was refiled with the Amended Answer, Purple Wave sought and was granted leave to amend only its Answer to add counterclaims against Plaintiff Johnnie Durossette. Additionally, review of the Third Party Complaint as attached to the Amended Answer reveals that it: (i) is not titled as an "amended third-party complaint," and (ii) contains the same allegations and claims as alleged in connection with the initial answer. Docket No. 2-4.

negligence. Docket 55, p. 4, ¶¶ 15-19. AFI therefore seeks indemnity from Aquino for any sum it may be required to pay based on Aquino's negligence, and AFI is entitled to credit in any amount any insurance carrier insuring Aquino has paid to Plaintiffs as to these claims against AFI. *Id.*, pp. 4, ¶¶ 19-22.

Aquino contends AFI does not have a right to indemnity, and that dismissal is appropriate and any amendment of claims would be futile because AFI cannot show a legal relationship as required for indemnification. The undersigned Magistrate Judge agrees.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d

1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]" *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

"Indemnity shifts the entire loss from one tortfeasor to another who is deemed responsible for making full payment." 2 Modern Tort Law: Liability and Litigation § 19:1 (2d ed. June 2025 update). "The general rule of indemnity is that one without fault, who is forced to pay on behalf of another, is entitled to indemnification." *Nat'l Union Fire Ins. Co. v. A.A.R. W. Skyways, Inc.*, 1989 OK 157, ¶ 7, 784 P.2d 52, 54. Put another way, "[w]hile contribution contemplates that two defendants who are liable to the plaintiff in tort will share in the ultimate liability, indemnity contemplates that one of those two will fully repay the other." Dan B. Dobbs, Paul T. Hayden & Ellen M. Bublick, The Law of Torts § 489 (2d ed. April 2025 update). There is no right of indemnity, however "in the case of concurrent or joint tortfeasors, each of which has no legal relation to one another and which owes the same duty to the injured party." *Loos v. Saint-Gobain Abrasives, Inc.*, 2016 WL 5017335, at *7 (W.D. Okla. Sept. 19, 2016) (citing *Nat'l Union Fire Ins. Co.,* 1989 OK 157, ¶ 11, 784 P.2d at 55 ("In the case of *concurrent or joint tortfeasors*, having no legal relation to one another, each of them owing the same duty to the injured party, and

involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other[.]"); *see also Njuguna v. C.R. England, Inc.*, 2022 WL 264551, at *3 (W.D. Okla. Jan. 27, 2022) (same) (citing *Nat'l Union Fire*, 1989 OK 157, ¶ 11, 784 P.2d 52).

Indemnity can be established by contract, vicarious liability, or some other legal relationship. *See Sinclair Oil Corp. v. Texaco, Inc.,* 94 Fed. Appx. 760, 768 (10th Cir. 2004) (rejecting appellant's contention that Oklahoma law regarding equitable indemnity does not require a legal relationship between the parties) (unpublished); *see also Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, 2011 WL 4824374, at *3 (N.D. Okla. Oct. 6, 2011) ("The right to indemnity must be premised on a legal relationship between the parties, such as contractual or vicarious liability."). Furthermore, "'a claim for indemnification cannot form the legal relationship upon which a claim for indemnification must be based. The legal relationship must have existed before the potential indemnification claim arose.'" *Loos*, 2016 WL 5017335 at *6 (quoting *White Elec. Servs., Inc. v. Franke Food Serv. Systems*, *Inc.*, 2010 WL 1542575, *2 n.3 (N.D. Okla. Apr. 15, 2010)).

AFI asserts in response to Aquino's Motion to Dismiss and its Amended Third-Party Complaint against Aquino, that a legal relationship exists by virtue of an "Internet Auction Agreement." AFI provides excerpts from that agreement in its Amended Third-Party Complaint, *see* Docket No. 55, Ex. 4, p. 2, ¶¶ 6-7, asserting it is the "Seller" referenced in the provisions below. The contractual excerpt identified by AFI contains a "Limitation of Liability," which provides:

> THE BUYER AGREES IN NO EVENT SHALL SELLER [AFI] OR AUCTIONEER BE LIABLE TO BUYER OR ANY THIRD PARTY FOR ANY LOSS OF USE, REVENUE OR PROFIT OR LOSS OF DATA OR DIMINUTION IN VALUE, OR FOR ANY CONSEQUENTIAL, INDIRECT, INCIDENTAL, SPECIAL, EXEMPLARY, OR PUNITIVE DAMAGES WHETHER ARISING OUT OF BREACH OF CONTRACT, TORT, (INCLUDING NEGLIGENCE), OR OTHERWISE, REGARDLESS OF WHETHER SUCH DAMAGES WERE FORESEEABLE AND WHETHER OR NOT SELLER OR AUCTIONEER HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, AND NOTWITHSTANDING THE FAILURE OF ANY AGREED OR OTHER REMEDY OF ITS ESSENTIAL PURPOSE.

as well as a "Maximum Liability" provision, stating:

> IN NO EVENT SHALL AUCTIONEER'S AND SELLER'S AGGREGATE LIABILITY FOR ALL CLAIMS ARISING OUT OF OR RELATED TO THIS AGREEMENT, WHETHER ARISING OUT OF OR RLEATED TO BREACH OF CONTRACT, TORT (INCLUDING NEGLIGENCE), OR OTHERWISE, EXCEED THE TOTAL OF THE AMOUNTS PAID BY BUYER TO AUCTIONEER AND SELLER FOR THE ITEMS AND SERVICES SOLD HEREUNDER.

Docket No. 55, pp. 2-3, ¶¶ 6-7.

AFI asserts this signifies a clear intent to indemnify, defend, or hold harmless AFI against its own negligence. Docket No. 66, at pp. 5-6. The Court, however, has already rejected this argument in dismissing Purple Wave's indemnity claims. In doing so, the Court noted that this language "is not the same as stating that Aquino agrees to affirmatively reimburse Purple Wave for any liability arising out of its own fault in connection with the sale. Even if such an interpretation is possible, it would not be the most reasonable one, let alone clear and unequivocal as required by law." Docket No. 85, at p. 9. This reasoning applies with equal force to AFI. Accordingly, the undersigned Magistrate Judge finds AFI is not contractually entitled to indemnification from Aquino.

Alternatively, AFI asserts a common law indemnity claim as to Aquino based on *Porter v. Norton-Stuart Pontiac-Cadillac of Enid*, 1965 OK 18, 405 P.2d 109, asserting it is only "constructively liable." Docket No. 66, at pp. 8-9. "In the case of implied or noncontractual indemnity, the right rests upon fault of another which has been imputed or constructively fastened upon he who seeks indemnity." *Daugherty v. Farmers Co-op. Ass'n*, 1989 OK CIV APP 89, ¶ 10, 790 P.2d 1118, 1120 (citing *Cent. Nat'l Bank of Poteau v. McDaniel*, 1986 OK CIV APP 34, ¶ 9, 734 P.2d 1314, 1316). Aquino contends that AFI has no claim for vicarious/constructive liability because AFI lacks the requisite relationship with Aquino, which precludes any indemnity claim. *See Nat'l Union Fire*, 1989 OK 157, ¶ 9, 784 P.2d at 55 (There "must exist a legal relationship arising out of *either* contractual or vicarious liability on which to base the remedy."). Where no contractual indemnity exists, "the source of the duty to indemnify in this case must be vicarious liability or some other legal relationship." *White Elec. Servs., Inc.*, 2010 WL 1542575, at *2 (citing *Sinclair*, 94 Fed. Appx. at 768). A manufacturer/distributor relationship may qualify, but a products liability theory does not. *Id*.

Again, Purple Wave previously raised a similar argument, asserting it was entitled to common law indemnity, Docket No. 38, at p. 10, and this Court rejected that argument noting "Purple Wave is being sued directly for its own legal fault, not based on vicarious liability via Aquino. . . . At no point does Purple Wave allege that Aquino was acting as an employee, contractor, or agent for Purple Wave. Rather he was merely picking up a truck he bought for himself. Indeed, Purple Wave's theory of implied indemnity, based solely on a buyer-seller relationship with Aquino is borderline nonsensical." Docket No. 85, at p. 10.

Unlike Purple Wave, however, AFI cites to cites to *Mills v. J-M Mfg. Co., Inc.*, 2025 OK 23, 567 P.3d 385, asserting it illustrates that AFI is entitled to indemnity. In *Mills*, Charter Oak Production Co., LLC ("Charter Oak") utilized a contractor to install a saltwater transfer pipe within an easement it held on the Mills's property. 2025 OK 23, at ¶ 2, 567 P.3d at 288. The pipeline materials were purchased from Rainmaker Sales, Inc. ("Rainmaker"), "which acquired the pipe from the manufacturer, JM Eagle, Inc. ('JM Eagle')." *Id.* Following a saltwater spill, the Mills sued Charter Oak for negligence, and Charter Oak paid a settlement to the Mills. *Id.* at ¶ 3, 567 P.3d at 388. Charter Oak then sought indemnity from JM Eagle and/or Rainmaker for damages it paid to the Mills, and JM Eagle and Rainmaker asserted that Oklahoma law required Charter Oak's relationship with them to exist independently of its duty to the Mills. *Id.* at ¶ 11, 567 P.3d at 387. The Oklahoma Supreme Court disagreed concluding Oklahoma law "recognizes a broader basis for the legal relationship[,]" and further noted that:

> "[O]ne constructively liable for tort is generally held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of common law, and irrespective of the existence of an express contract to indemnify. Accordingly, it has been stated that a person, who without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not."

*Id.* at ¶ 12, 567 P.3d at 389 (quoting *Porter*, 1965 OK 18, ¶ 14, 405 P.2d at 113) (alterations in original). Ultimately, the Oklahoma Supreme Court reasoned "[a]lthough Charter Oak owed a non-delegable duty to the Millses, it bore no fault for the defective pipe. That duty

arose by operation of law, but the fault lies with those whose conduct actually caused the harm." *Id.* at ¶ 13, 567 P.3d at 389.

However, as this Court indicated in dismissing Purple Wave's claim for indemnity, Plaintiffs sue AFI and Purple Wave directly for their own legal fault. *See* Docket No. 2-1, at pp. 11-18) (indicating each of Plaintiffs' causes of action allege specific wrongdoing by AFI, rather than vicarious liability). Thus, this case is not like *Mills*, but more analogous to those cases in which "Oklahoma courts have repeatedly held that a party whose negligence has proximately caused the injuries in question may not seek equitable indemnification from a third party who has also proximately caused those injuries." *Adams v. E-Z Mart Stores, Inc.*, No. 23-CV-278-RAW, 2026 WL 479412, at *2-3 (E.D. Okla. Feb. 19, 2026) (citations and internal quotation marks omitted). Lastly, to the extent AFI requests leave to amend, the undersigned Magistrate recommends AFI be denied leave to amend because leave to amend would be futile as it appears impossible for AFI to construct a facially plausible indemnity claim. Accordingly, the undersigned Magistrate Judge recommends Defendant Pedro Aquino's Motion to Dismiss Amended Third-Party Complaint and Brief in Support [Docket No. 63] be GRANTED and Defendant AFI's Amended Third-Party Complaint against Aquino be dismissed with prejudice.

## CONCLUSION

In sum, the undersigned Magistrate Judge hereby RECOMMENDS that: (i) Third-Party Defendant Pedro Aquino's Continued Motion to Dismiss Third-Party Petition and Brief in Support [Docket No. 56] be DENIED AS MOOT, and (ii) Defendant Pedro Aquino's Motion to Dismiss Amended Third-Party Complaint and Brief in Support

[Docket No. 63] be GRANTED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 28th day of August, 2026.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**