**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

BROOKE BUTLER, Personal Representative of the Estate of Baylor Kole Allen Butler, deceased; JEFF CARTER, Personal Representative of the Estate of Stevie Ray Vaughan Carter, deceased; and JOHNNIE DUROSSETTE,
Plaintiffs,

v.

AFI & LOGISTICS, LLC, and PURPLE WAVE, INC.,
Defendants.

AFI & LOGISTICS, LLC,
Third-Party Plaintiff/Counterclaimant,

v.

JOHNNIE DUROSSETTE,
Counterclaim Defendant,
&
PEDRO AQUINO,
Third-Party Defendant.

PURPLE WAVE, INC.,
Cross-Claim Plaintiff,

v.

AFI & LOGISTICS, LLC,
Cross-Claim Defendant.

Case No. 25-CV-199-FAB-GLJ

**REPORT AND RECOMMENDATION**

This case arises out of a fatal motor vehicle collision that occurred on the Muskogee Turnpike in Wagoner County in the Eastern District of Oklahoma. In March 2025, Pedro

Aquino purchased a 2013 International Truck ("International") from Defendant AFI & Logistics, LLC, doing business as Northshore Moving Company ("AFI"). He made this purchase at an auction run by Purple Wave, Inc., doing business as Purple Wave Auction ("Purple Wave"). Aquino towed the International behind a 1999 Ford F-450 box truck ("Box Truck") from the purchase point in Louisiana and was traveling westbound on the Muskogee Turnpike in the early morning hours of March 24, 2025. That morning, Johnnie Durossette was driving a vehicle along with passengers Baylor Kole Allen Butler and Stevie Ray Vaughan Carter. Durossette's vehicle collided with the International driven by Aquino. Butler and Carter died as a result of the collision, and Durossette was injured.

Durossette and representatives from Butler's and Carter's estates (collectively, "Plaintiffs") sued AFI and Purple Wave in state court in Wagoner County, Oklahoma, in Case No. CJ-25-196, on May 7, 2025. Purple Wave removed the case to this Court on June 10, 2025. *See* Docket Nos. 1-2. Plaintiffs' state court petition alleges twelve claims against these two Defendants, including claims against each for products liability, breach of the implied warranty of merchantability, negligence, negligence per se, and negligent undertaking, as well as claims for punitive damages. *See* Docket No. 2, Ex. 1, pp. 11-23. Purple Wave, in an Amended Answer, asserts an affirmative defense of contributory negligence and also alleges two counterclaims against Durossette for negligence and negligence per se. Docket Nos. 47 & 48. Following an election of the "District Judge Option," the Court referred this case back to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. [Docket Nos. 17-18].

Durossette moves to dismiss Purple Wave's counterclaims against him, asserting they fail to state a claim upon which relief may be granted. For the reasons stated herein, the undersigned Magistrate Judge hereby recommends Counterclaim Defendant Johnnie Durossette's Motion to Dismiss Purple Wave Inc.'s Counterclaims and Brief in Support [Docket No. 59] be GRANTED.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement

to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]" *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

Purple Wave asserts two counterclaims against Durossette: negligence and negligence per se. Durossette asserts Purple Wave fails to state a claim for negligence or negligence per se because it fails to plead any facts indicating it was injured by Durossette's alleged negligence. Although Durossette couches his argument in terms of Rule 12(b)(6), his assertion raises concerns as to whether Purple Wave has Article III standing to bring its counterclaims. Because Article III standing implicates federal jurisdiction, it "is a matter this [C]ourt *must* consider sua sponte." *Santa Fe Alliance for Pub. Health and Safety v. City of Santa Fe, N.M.*, 993 F.3d 802, 813 n.5 (10th Cir. 2021) (emphasis in original); *Scott v. Allen*, 153 F.4th 1088, 1093-94 (10th Cir. 2025) ("The district court not only *can* address its own standing, it *must*.") (emphasis in original) (citing *United States v. Colo. Supreme Ct.*, 87 F.3d 1161, 1166 (10th Cir. 1996).

Article III of the United States Constitution restricts federal courts to the adjudication of "Cases" and "Controversies." U.S. Const. art III, § 2, cl. 1. Article III standing is conferred on a plaintiff where three elements are present: (1) the plaintiff has suffered an injury in fact; (2) there is a causal connection between the injury and the complained-of conduct; and (3) it is likely that the injury will be redressed by a favorable

decision. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

At issue here is the first element, *i.e.*, whether Purple Wave has suffered an injury-in-fact.[1] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560).To be particularized, the injury "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1; *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (noting "plaintiff must allege personal injury").

Purple Wave, in connection with its counterclaim for negligence, alleges Durossette "had a duty to exercise reasonable care while operating his motor vehicle in order to prevent property damage or bodily harm to others[,]" he failed to exercise this duty, and "[a]s a result of [his] negligent acts and omissions, his motor vehicle suffered severe damage and was totaled and Baylor Kole Butler and Stevie Ray Carter were killed." Docket No. 47, at p. 18, ¶¶ 2-4. As it relates to Purple Wave's counterclaim for negligence per se, Purple Wave alleges Durossette failed to drive attentively and under the posted speed limit in contravention of Oklahoma law. Docket No. 47, at pp. 18-19, ¶¶ 7-14. And, as a result

---

[1] When raising standing sua sponte, the Court "may order supplemental briefing, but it need not do so." *Scott*, 153 F.4th at 1094. Although Plaintiff Durossette did not challenge Purple Wave's standing to bring its counterclaims for negligence, he did explicitly argue Purple Wave failed to allege any injury to itself as a result of Durossette's alleged negligence. As such, the undersigned Magistrate Judge finds additional briefing is not necessary here because Purple Wave had an opportunity to address this argument in its response to Durossette's motion to dismiss.

of violating Oklahoma law, "Durossette is liable for negligence *per se*[.]" *Id.* Purple Wave, in response to Durossette's assertion that it has failed to allege any personal injury as a result of Durossette's negligence/negligence per se, does not identify any injury but instead asserts: (i) no evidence exists that Durossette attempted to slow his vehicle or disengage cruise prior to hitting Aquino, (ii) there is evidence Durossette may have fallen asleep, (iii) Durossette was speeding at the time of the accident, and (iv) that these factors are "more than enough evidence to establish the plausibility of Purple Wave's . . . claim[s]." Docket No. 64, at pp. 4-7.

Notably, Purple Wave fails to identify what injury, if any, it has suffered because of Durossette's alleged negligence/negligence per se. It may very well prove to be that Durossette was negligent; however, Purple Wave must have suffered an injury in fact as a result of such negligence to have standing to bring it as a separate claim.[2] Having failed to identify any personal injury after having the opportunity to do so, the undersigned Magistrate Judge finds that Purple Wave fails to meet its burden to establish standing. *See Spokeo*, 578 U.S. at 339; *See PNC Bank, Nat'l Ass'n v. Goyette Mech. Co., Inc.*, 88 F. Supp. 3d 775, 782-783 (E.D. Mich. Jan 29, 2015) ("The injuries that third-party plaintiffs Dominic Goyette and his trust suffered are derivative of the injuries Goyette Mechanical and Goyette-West experienced when they could not meet their loan obligations to PNC Bank. But for the borrowers' inability to pay their loan obligations, the guarantors would

[2] To be clear, Durossette moves to dismiss Purple Wave's causes of action for negligence and negligence per se. These are separate and distinct from Purple Wave's affirmative defense of contributory negligence. Contributory negligence is a question of fact to be submitted to the jury and may diminish or bar recovery. Okla. Stat. tit. 23, §§ 12-14.

have no obligations under the terms of the loan documents. Dominic Goyette and his trust have not identified a duty that the third-party defendants owed him separately. The third-party complaint does not identify an injury in fact suffered by Dominic T. Goyette or his trust, and therefore they lack standing to pursue claims of civil conspiracy and unjust enrichment[.]"). As such, the undersigned Magistrate Judge finds the Court lacks jurisdiction to hear Purple Wave's counterclaims and recommends Defendant Johnnie Durossette's Motion to Dismiss Purple Wave Inc.'s Counterclaims and Brief in Support [Docket No. 59] be granted. To the extent Purple Wave requests leave to amend, the undersigned Magistrate Judge finds that such request should be denied as it appears any such amendment would be futile.

**CONCLUSION**

In sum, the undersigned Magistrate Judge hereby RECOMMENDS that Counterclaim Defendant Johnnie Durossette's Motion to Dismiss Purple Wave Inc.'s Counterclaims and Brief in Support [Docket No. 59] be GRANTED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 28th day of August, 2026.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**